UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANNE MAJOCHA, | : | |
| | : | |
| Plaintiff, | : | Case No.: 3:16 cv 00742 (VLB) |
| | : | |
| VS. | : | |
| | : | |
| EVERSOURCE ENERGY, formerly known as NORTHEAST UTILITIES SERVICE COMPANY, | : : : | |
| | : | |
| Defendant. | : | August 21, 2017 |

## PLAINTIFF'S LOCAL RULE 56(a)(2) STATEMENT

*PREFACE:  It is difficult for a party to respond to a Local Rule 56(a)(1) Statement when a moving party's local statement is not limited to a concise statement of fact per each numerical paragraph as in this case.*

**Responses to Defendant's Local Rule 56(a)(1) Statement:**

1. Admitted

2. Admitted

3. Admitted

4. Admitted

5. Denied.   Plaintiff did not resist training. Plaintiff received training in the fourth quarter from Brenda and plaintiff had a good relationship with her during that time period. (Pl's Dep. at 48; P.Ex.5).   Plaintiff received a performance review that covered the 2012 fourth quarter and nowhere in the review does it mention plaintiff resisting training. (Performance Review; P.Ex.2).

6.       Denied.    Plaintiff did not fail to attend training in the fourth quarter of 2012. (Pl's Aff. at ¶18).    The performance review makes no mention of plaintiff allegedly failing to attend training in the fourth quarter of 2012. (Performance Review; P.Ex. 2).    Plaintiff did not tell Synan in the fourth quarter of 2012 that she was too busy to meet with co-workers for training. (Pl's Aff. at ¶ 2).    The performance review makes no mention of plaintiff allegedly telling Synan that she was too busy to meet with co-workers for training. (Performance Review; P.Ex.2).   ).    Plaintiff did not just walk away when Synan tried to discuss the issue with her. (Pl's Aff. at ¶3). The performance review makes no mention of plaintiff allegedly walking away when Synan tried to discuss an issue with her.         (Performance Review; P.Ex.2).

7.       Admitted

8.       Denied.    Plaintiff took responsibility for her job at all times. (Pl's Aff. at ¶ 4).    Synan did not tell plaintiff multiple times that she needed to work with her team to be successful. (Pl's Aff. at ¶5).    Synan's performance review of plaintiff made no mention of plaintiff allegedly having difficulties working in a team or taking responsibility for her job. (Performance Review; P.Ex.2).    The performance review speaks for itself.

9.       Denied.    Synan contacted Lema when he found out that bills were not being timely paid. Synan could not estimate the number of bills plaintiff was unable to timely pay (between January 2013 through the end of March 2013) because plaintiff was still transiting with Brenda Hoffman and training was going on.    (Synan Dep. at 67; P.Ex.1).    Nowhere in the February 22, 2013 performance

review does it state that plaintiff failed to pay bills timely. (Performance Review; P.Ex.2). One of Synan's job responsibilities was to supervise his direct reports. (Synan Dep. at 68-69; P.Ex.1).

10. Admitted that Synan learned of bill payments in arrears. Denied that the bill payments in arrears was due to poor job performance attributable to plaintiff. Plaintiff informed Synan of bills being paid late due to all the codes having been changed. (Pl's Dep. at 56-57; P.Ex.5). Synan understood from meetings with plaintiff that the changing of the codes caused delay in paying bills. (Pl's Dep. at 93-94; P.Ex.5). Admitted that plaintiff was aware of vendors calling about payment.

11. Admitted that Synan emailed plaintiff on March 25, 2013 and the content of the email speaks for itself. Denied as to the implication that plaintiff was refusing to meet with Brenda. In plaintiff's reply email to Synan, she specifically states that she "would be happy to meet with Brenda on April 3rd." (See Def's Ex. F-1).

12. Admitted that Synan, Lema and plaintiff met on or about March 28, 2013. Admitted that the meeting included a discussion about the priority being the payment of bills. Denied that plaintiff "failed to appear for training the day before" as plaintiff had emailed Synan telling him that she would be happy to meet with Brenda on April 3rd." (See Def's Ex. F-1). Admitted that Synan testified in his deposition that the March 28, 2013 constituted a verbal warning. Denied that a verbal warning was given to the plaintiff. Synan was asked why he did not go through the Stepwise Discipline Policy. Synan's answer: "I guess I don't know

how to answer that; I am not sure what your point is." (Synan Dep. at 101; P.Ex.1). Synan testified that the meeting was a "verbal discussion" and "more of a job counseling." (Synan Dep. at 83-84; P.Ex.1). Verbal discipline per the disciplinary policy must be documented. (Synan Dep. at 85; P.Ex.1).   Job counseling was not discipline. (Lema Dep. at 77-78; P.Ex.8).   Admitted that Lema sent an email to plaintiff commenting on items discussed during the meeting.   Nowhere in the email does Lema indicate that the plaintiff was disciplined or needed to show improvement or risk being disciplined.

      13.    Denied.   Defendant did not discipline plaintiff. (Synan Dep. at 101; P.Ex.1).   Defendant did not place plaintiff on a performance improvement plan. (Lema Dep. at 137; P.Ex.8).   On February 22, 2013, Synan issued plaintiff a positive performance review resulting in a pay raise. (Synan Dep. at 39; P.Ex.1). Plaintiff was paying bills throughout 2013. (Pl's Aff at ¶6).

      14.    Denied.   Plaintiff notified Synan of the bills that were overdue and needed to be paid. (Pl's Dep. at 93; P.Ex.5).   Plaintiff and Synan discussed the overdue bills.   (Pl's Dep. at 93; P.Ex.5).   Synan knew that plaintiff working hard to catch up on the bills and change the codes and change the process. (Pl's Dep. at 93-94; P.Ex.5).   Plaintiff was also working on the executive comp. (Pl's Dep. at 94; P.Ex.5).   Plaintiff was communicating with management regarding her bill pay work and the executive comp work. (Pl's Dep. at 93-96; P.Ex.5; see also Pl's Bates 4-6 email regarding plaintiff's concerns with being assigned work beyond bill paying and budget; attached hereto as P.Ex.10).

15. Admit to the emails that plaintiff sent in Defendant's Exhibit F-4. Admit that Synan emailed plaintiff on May 22, 2017.

16. Denied. Defendant did not discipline plaintiff. (Synan Dep. at 101; P.Ex.1). Defendant did not place plaintiff on a performance improvement plan. (Lema Dep. at 137; P.Ex.8). On February 22, 2013, Synan issued plaintiff a positive performance review resulting in a pay raise. (Synan Dep. at 39; P.Ex.1). Plaintiff was paying bills throughout 2013. (Pl's Aff at ¶ 6).

17. Denied. Plaintiff notified Synan that she had Lyme disease in March 2013. (Pl's Dep. at 73; P.Ex. 5). Plaintiff believed she had Lyme disease based on her symptoms. (Pl's Dep. at 73; P.Ex. 5). Her belief was confirmed in April 2013 when she was diagnosed with Lyme disease. (Pl's Dep. at 112; P.Ex.5). Plaintiff requested intermittent and continuous FMLA leave for the Lyme disease. (Def's Ans. at ¶24; 25). Plaintiff used FMLA the day before her termination. (Pl's Dep. at 104; P.Ex.5).

18. Admitted that plaintiff requested FMLA in May 2013. Admitted that in May 2013 plaintiff was concerned that her job was in jeopardy because defendant was overloading her with work. (Pl's Dep. at 19; P.Ex.5). Admitted that in May 2013 plaintiff looked for other job positions with the defendant. (Pl's Dep. at 19; P.Ex.5). Admitted that plaintiff sent the email contained in defendant's Exhibit F-4. The email speaks for itself.

19. Admitted that plaintiff requested FMLA in 2001 and 2004 and both requests were approved. Admitted that plaintiff did not claim retaliation in response to taking FMLA in 2001 and 2004.

20. Denied. Synan testified that he was NOT notified by anyone that plaintiff had requested FMLA before her termination. (Synan Dep. at 38; P.Ex.1). Admitted that plaintiff notified Synan that she was out on FMLA.

21. Admitted

22. Admitted

23. Admitted

24. Denied. In the March 28, 2013 meeting, defendant told plaintiff that the bill paying was the priority. (See response to Local Rule Statement No. 12 herein). Despite being told that the bill paying was the priority and that her job was supposed to be bill paying and budgeting; plaintiff did perform work that Peloquin requested of her. (Pl's Dep. at 50-52; P.Ex.5).

25. Denied. Defendant did not discipline plaintiff. (Synan Dep. at 101; P.Ex.1). Defendant did not place plaintiff on a performance improvement plan. (Lema Dep. at 137; P.Ex.8). Plaintiff performed the work that Peloquin requested of her. (Pl's Dep. at 50-52; P.Ex.5). Plaintiff took responsibility for her job at all times. (Pl's Aff. at ¶ 4). Plaintiff did not engage in insubordination. (Pl's Aff. at ¶14). Plaintiff did not exhibit a poor attitude. (Pl's Aff. at ¶15 ).

26. Denied. Defendant overloaded plaintiff with work. (Pl's Dep. 19-20; P.Ex.5). Defendant overloaded plaintiff with work outside the scope of her job. (Pl's Dep. 19-20; P.Ex.5).

27. Admitted in part. Admitted that Peloquin was involved in the decision to terminate. Denied that Peloquin made the decision unilaterally. "To the best of Defendant's recollection, the decision to terminate plaintiff's

employment was a joint decision involving Bernard Peloquin, Michael Synan, Anne Tavares and Nancy Lema sometime in late May 2013." (Def's Response to Interrogatory No. 16; attached hereto as P.Ex.11).

28.   Cannot admit or deny whether Peloquin had knowledge of plaintiff's request and/or use of FMLA.

29.   Admitted that Synan was not physically present during the termination meeting on June 5, 2013.   Admit that Synan communicated his recommendation to terminate plaintiff's employment to defendant.   Denied that plaintiff failed to do her job.   Defendant did not apply its Stepwise Discipline nor issue a performance improvement plan. (Synan Dep. at 101; P.Ex.1; Lema Dep. at 137; P.Ex.8; Pl's Dep. at 121-123; P. Ex.5).

30.   Admitted

31.   Admitted in part and denied in part.   Admitted as to the quoted excerpts from plaintiff's deposition.   Denied as to the characterization of the excerpted testimony as not supporting a claim of FMLA retaliation.   The evidence in support of plaintiff's FMLA retaliation is set forth in this Objection to Motion for Summary Judgment.   Furthermore, plaintiff during her deposition did testify as to certain facts in support of her FMLA retaliation claim. (Pl's Dep. at 102-104; 121-123; 153-154; P.Ex. 5).

**Disputed Issues of Material Fact:**

    1.    Defendant did not apply its Stepwise Discipline policy to plaintiff. (Synan Dep. at 101; P.Ex.1).

    2.    Defendant overloaded plaintiff with work. (Pl's Dep. at 19-20; P.Ex.5).

    3.    Synan assigned the regulatory work (work associated with her previous position) after she told him that she had Lyme disease. (Pl's Dep. at 27; P.Ex.5).

    4.    In March 2013, Plaintiff told Synan that she could not attend a training meeting on a specific day in April 2013 because she had Lyme disease and had been waiting three (3) months to see the Lyme disease specialist. (Pl's Dep. at 70-71; P.Ex.5).

    5.    Synan was notified that plaintiff was approved for FMLA. (Monarca 6/14/13 email; attached hereto as P.Ex. 9).

    6.    Synan was notified that plaintiff used FMLA. (Pl's Dep. at 108-109; P.Ex.5).

    7.    Prior to the termination, defendant did not place plaintiff on a performance improvement plan, had not used the stepwise improvement process (progressive discipline), had not communicated to plaintiff that she was in any jeopardy of losing her job, and walked her out the door without any paperwork. (Pl's Dep. at 153; P.Ex.5).

    8.    Job counseling is not part of progressive discipline. (Lema Dep. at 26; P.Ex.8).

    9.    The job counseling was not discipline. (Lema Dep. at 77-78; P.Ex.8).

10. Defendant retaliated against plaintiff for her exercise of FMLA rights.

By /s/ James V. Sabatini
James V. Sabatini, Esquire     CT 19899
Sabatini and Associates, LLC
One Market Square
Newington, CT   06111
Tel. No.:   860-667-0839
Fax No.:   860-667-0867
e-mail:   jsabatini@sabatinilaw.com

**Attorney for Plaintiff**

**ELECTRONIC CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated in the Notice of Electronic Filing.   Parties may access this filing through the Court's CM/ECF System.

/s/ James V. Sabatini
James V. Sabatini